UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD G. LITZAN,

               Plaintiff,                    Case No. 12-12291
                                            HON. GERSHWIN A. DRAIN

vs.

SERVICE 1ST MAINTENANCE, LLC,
a Michigan limited liability company, and
UNITED AMERICAN PAYROLL, LLC, a
Michigan limited liability company, jointly
and severally,

Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER [#44]

       Presently before the court is Non-Party UAP 2 through 19's ("Non-Parties") Motion to Quash and for a Protective Order filed on June 5, 2013.  Non-Parties filed this Motion in response to subpoenas served on them by Plaintiff.  On June 25, 2013, this Court entered an Order that denied Plaintiff's Motion to Amend, which requested adding the Non-Parties as Defendants in the action.  The merits of this Motion are affected by this Court's Order.  Since Plaintiff was not allowed to add UAP 2 through 19 as parties, the relevancy of many of his requests has diminished.  That in turn affects the calculus of whether Plaintiff's request is an undue burden.  Some of the requests by Plaintiff remain relevant, so the Court will consider the merits of the Motion.

       As a preliminary matter, the Court notes there is no procedural bar from reviewing

the Motion.  Non-Parties assert that their objection to Plaintiff's subpoenas is not late, even though it was submitted after the 14 day period allowed under Federal Rules of Civil Procedure 45(c)(2)(B).  Non-Parties claim that this waiver period is not applicable since Plaintiff's service through certified mail was improper.  Additionally, they claim that the time to object does not apply to the right to file a Motion to Quash.  Though Non-Parties claim that service is defective, they do not request dismissal of the subpoena requests on that basis. While Plaintiff claims that service was proper, he does not claim that the Non-Parties objection is untimely.  Instead, he objects to the Non-Parties' Motion on the merits.  Since neither party asserts a procedural bar, the Court will decide the Motion on the merits.

Pursuant to Federal Rules of Civil Procedure 45(c)(3)(A), Non-Parties request this Court to quash the Plaintiff's subpoenas on the grounds that they create an undue burden and require disclosure of proprietary information.  The Non-Parties group Plaintiff's thirteen subpoena requests into eight categories  because of the similarity of some of the requests. The Court will follow suit and discuss the requests in categories.

The first request concerns contracts between the Non-Parties and Service 1st.  The Non-Parties object on the grounds that they have already stated that the only contract that exists was with UAP 19 and that contract was already produced.  It is unclear if the Non-Parties already responded as such to Plaintiff, but that is the avenue Non-Parties should pursue rather than involve this Court.  Since the Non-Parties insist that there is nothing else responsive to the request to produce, the Court's intervention is not required and the request to quash is denied.

The second request asks for all invoices to and payments from Service 1st.  The Non-Parties object on the basis that the request has no time restrictions.  Non-Parties

argue that the time frame should be limited to January 1, 2010 to May 30, 2011, which is the start of UAP 19's service agreement with Service 1st to the date of Plaintiff's termination.  The Court agrees in part.  The Non-Parties are not, nor will they become, parties to this action.  As such, the relevancy of their relationship with Service 1st is limited to the time frame in which Plaintiff worked for Service 1st.  Non-Parties claim that a valid service agreement was only entered into as of January 1, 2010, so there should not be many, if any at all, invoices and payments before this period.  To the extent that there are, they are relevant during the time Plaintiff worked for Service 1st.  Thus, any invoices to and payments from Service 1st must be produced from the time Plaintiff started work in January 2008 until his termination on May 30, 2011.

The third request seeks all documents regarding Plaintiff.  Non-parties do not deny the relevancy of these documents, instead they simply state that they were already produced.  Once again, if that is the case, then Non-Parties may simply respond that they have already produced all relevant documents.  If Plaintiff disputes this assertion, then the parties may bring a specific dispute before this Court.  Otherwise, this Court will not quash a request in the permissible scope of discovery.

The fourth request asks for all communications between the Non-Parties and Service 1st.  This request is a very broad and the relevancy of communications that do not concern Plaintiff is questionable.  As already mentioned in regards to third category, the communications relating to Plaintiff are very relevant.  It is very possible that these communications relate to the reasons for Plaintiff's termination, a key fact disputed in this case.  Communications that do not concern Plaintiff are of limited relevancy to this case now that it is determined the Non-Parties will not be joined in this suit.  What relevancy

there may be is outweighed by the burden of producing the massive amount of communications that would have been required.  Since Plaintiff's third request should produce all communications involving Plaintiff the fourth request is quashed.

The fifth request asks for documents relating to ownership of the corporation.  Again, the relevancy of this request was reduced by the rejection of Plaintiff's Motion to Amend. The corporate structure of the various UAP entities has very little do with the decision to terminate Plaintiff.  Though this Court does not share Non-Parties concerns over the proprietary nature of their corporate structure, the information's limited relevancy does not justify the costs of production.  Thus, the request is quashed.

The sixth category encompasses requests six through nine.  The commonality of these requests is the attempt to get documents related to the legal, financial, employment and business relationships to Ryan Sherman, Bryan Hayward, Shannon Brooks, and UAP LLC.  Like the fifth request, these requests are very broad and have very limited relevancy to the case.  Thus, these requests are all quashed.

The seventh category includes requests ten and eleven, which ask for all financial statements of Non-Parties since incorporation and all compensation paid to workers of the corporations.  This information has nothing to do with Plaintiff's claim, so the requests are quashed.

The eighth category, which includes requests twelve and thirteen, asks for all deposition testimony provided by Bryan Hayward and Ryan Sherman in litigation against the Non-Parties.  Though this request could lead to relevant information, it is entirely too broad.  Deposition testimony related to Plaintiff should be produced.  Any other deposition testimony is irrelevant to this action and the Non-Parties should not have to bear the

-4-

expense of production.  The Non-Parties assert that the only relevant testimony was in this matter, thus Plaintiff already has access to the testimony.  If that is the case, then the Non-Parties have satisfied Plaintiff's requests.  If not, then the Non-Parties must produce deposition testimony that relates to Plaintiff.

Finally, Non-Parties also request a protective order under Rule 26(c) to limit the scope of the upcoming deposition of Bryan Hayward.  Specifically, Non-Parties request that Plaintiff be prevented from asking Mr. Hayward about the corporate structure of the Non-Parties.  This Court fails to see how this information is relevant to Plaintiff's termination.  Therefore, the Non-Parties request for a protective order is GRANTED.

In sum, Non-Parties request to quash Requests 4, 5, and 6-11 is GRANTED; the request to quash Requests 2, 12, and 13 is GRANTED IN PART and DENIED IN PART; and the request to quash Requests 1 and 3 is DENIED.  Non-Parties request for a protective order is GRANTED.

## IV.    CONCLUSION

For the foregoing reasons, Non-Parties' Motion to Quash and for a Protective Order [#44] is GRANTED IN PART and DENIED IN PART.

SO ORDERED.

Dated:  July 1, 2013

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

-5-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 1, 2013, by electronic and/or ordinary mail.

S/Tanya Bankston
Deputy Clerk